IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA F. WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:08 cv 0005-MEF |
| NEPTUNE TECHNOLOGY GROUP, ) | |
| INC., ROPER INDUSTRIES, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations by the Defendant of the Plaintiff's rights secured by the Constitution of the United States and by:

   a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, <u>et seq</u>;

   b) The Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621, <u>et seq</u>.;

   c) The Americans with Disabilities Act, 42 U.S.C. § 12101, <u>et seq</u>; .

   d) The laws of the State of Alabama.

2. Federal subject matter jurisdiction exists pursuant to:

   a) 28 U.S.C. § 1331; 1343(a)(3) and 1367;

   b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq; and

## PARTIES

3. Plaintiff, Rebecca Walton, (hereinafter referred to as "Plaintiff"), is a female over the age of forty and a citizen of Elmore County, Alabama. Plaintiff was employed by Defendant, Neptune Technology, when the actions of which she complains took place.

4. Defendant, Neptune Technology Group, Inc., (hereinafter referred to as "Defendant"), is an Alabama corporation doing business in Elmore County, Alabama. Defendant is an employer as defined by Title VII and, upon information and belief, employs over 500 employees. Defendant Roper Industries, Inc., is the parent company of Neptune Technology and is a Georgia-based company with more than 500 employees.

## NATURE OF ACTION

5. Plaintiff brings this action of unlawful employment practices and acts of intentional discrimination that occurred at Defendant's business, located in the Northern Division of the Middle District of the United States District Court for Alabama.

6. This is an action to redress grievances resulting from acts of Defendant, its agents, servants, and employees with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a policy and practice of discriminating against the Plaintiff and other persons similarly situated on account of gender and age.

7. Plaintiff seeks compensatory and punitive damages to which she is entitled and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

8. On or about March 5, 2007, within 180 days of learning of the acts of discrimination of which she complains, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). **(Attached as Exhibit A).**

9. Plaintiff received a Notice of "Right to Sue" from EEOC, dated October 3, 2007, with regard to her initial charge of discrimination, entitling her to institute a civil action in federal district court. **(Attached as Exhibit B).**

10. All prerequisites for bringing this action have been met. Use of the term "Defendant" below refers to both entities named, except where designated.

## STATEMENT OF FACTS

11. Plaintiff is a white female, over the age of 40.

12. Plaintiff was employed as a cell operator at Defendant's plant in Tallassee, Alabama., from September 2003 until November 30, 2006.

13. Plaintiff began to develop physical problems in July 2005.

14. Plaintiff suffers from optic neuritis/optic atrophy, probable multiple sclerosis; rheumatoid arthritis and fibromyalgia, which was known to the employer.

15. Plaintiff requested accommodations, which initially were granted in May of 2006.

16. Plaintiff's supervisor Robert Conklin make sexually suggestive remarks to her on Sept. 14 and 18. Conklin's remarks were unwanted and offensive to Plaintiff and she rebuffed him.

17. Plaintiff slipped and fell at work on Sept. 20 and was assigned to light duty for three days.

18. Plaintiff was reassigned to another job. She again requested an accommodation, and was denied by Conklin. Plaintiff was deliberately placed in a physically traumatizing locations.

19. Conklin made a series of false accusations against the Plaintiff in an attempt to terminate her. On Nov. 30, Plaintiff was terminated for an alleged infraction on Nov. 27, involving two younger women, who were not disciplined.

20.    Defendant attempted to deny Plaintiff unemployment benefits, but Defendant's claim of misconduct was unsubstantiated.

## COUNT ONE

## SEXUAL HARASSMENT/ QUID PRO QUO AND

## HOSTILE WORK ENVIRONMENT

The plaintiff adopts and realleges 1-20, above, as if set out in full herein.

21.    This is a claim against Defendant arising under the Title VII of the Civil Rights Act of 1964, as amended, prohibiting sexual harassment in the workplace.

22.    Plaintiff is a female and a member of a protected group

23.    The conduct of the defendant alleged herein violates Title VII, where Plaintiff was being subjected to repeated sexual harassment over a period of time by Robert Conklin, Plaintiff's supervisor. Defendant is liable for such misconduct by Robert Conklin because it had notice of Conklin's misconduct and failed to take effective remedial measures to prevent such unlawful behavior by Conklin.

24.    The conduct of the Defendant alleged herein violates Title VII because Plaintiff was required to work in a hostile environment which was tainted by

impermissible sex discrimination and harassment.

25. Plaintiff did not welcome the acts of sexual misconduct and hostile work environment created by Robert Conklin, Plaintiff's supervisor.

26. The repeated sexual advances, inappropriate touching, sexual comments and sexual innuendos by Robert Conklin and the subsequent ratification by Defendant altered Plaintiff's work environment.

27. Such unlawful employment practices proximately caused Plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame lost wages, loss of employment for which she claims damages.

28. Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT TWO

## AGE DISCRIMINATION

29. The Plaintiff adopts and realleges 1-29 as if fully recited herein. This is a claim to redress the unlawful employment practice of age discrimination protected by the Age Discrimination in Employment Act, as amended.

30. Plaintiff is over forty (40) years of age and a member of a protected class.

31. Plaintiff was qualified to perform the job duties of her position, as well as additional duties as assigned by defendant.

32. Plaintiff was treated differently than younger women who in the same circumstances.

33. As a proximate result of Defendant's unlawful intentional discrimination, Plaintiff suffered different terms and conditions of employment than her younger co-workers.

34. The Plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, any liquidated damages, costs, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT THREE

### AMERICANS WITH DISABILITIES ACT

35. Plaintiff realleges paragraphs 1-34, as if fully set out herein.

36. This is a claim to redress the unlawful employment practice of discrimination based on Plaintiff's actual or perceived disability, pursuant to the Americans with Disabilities Act. Said discrimination was conducted by Defendant, its agents and employees and ratified by Defendant.

37. The conduct of the Defendant's agents and employees and ratification

of said conduct alleged herein violates the Americans with Disabilities Act because Calhoun had an actual or perceived disability and was denied an employment opportunity and terminated from a position she was already performing. Calhoun was refused employment due to her disability and Defendant's perception that Plaintiff was disabled.

38. As a proximate result of the Defendant's unlawful conduct, Plaintiff suffered the following injuries: loss of employment, different terms and conditions of employment, reduction in pay, severe emotional distress, humiliation, embarrassment, mental anguish and financial loss.

39. Plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, reinstatement, back pay, front pay, compensatory damages, punitive damages, costs, attorney fees and any and all such other relief the trier of fact may assess.

## COUNT FOUR

## RETALIATION

40. The Plaintiff adopts and realleges 1-39 as if fully recited here. This is a claim against Neptune Technology Group.

41. There existed an employer-employee relationship between the Plaintiff and Defendant.

42. Plaintiff exercised her statutory rights by complaining to Defendant about discrimination and thus was subjected to retaliation by Defendant.

43. Plaintiff suffered adverse employment actions that were causally related to Plaintiff exercising her statutory rights.

44. As a proximate result of Defendant's retaliatory conduct, Plaintiff has suffered financial loss, economic loss, loss of employment, shame, humiliation, emotional distress and trauma.

45. Plaintiff seeks declaratory and injunctive relief, award of lost employment and career benefits and wages, back pay, front pay, interest, compensatory damages for loss of career opportunity, humiliation and embarrassment, mental anguish, costs, attorneys' fees, punitive damages and any and all such other relief the trier of fact may assess.

**WHEREFORE,** the Plaintiff, respectfully requests this Court:

A) Grant a permanent injunction enjoining Neptune Technology Group and Roper Industries, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in its discriminatory treatment.

B) Order Neptune Technology Group and Roper Industries to institute and carry out policies, practices and programs which provide equal provisions and

employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including implementing a policy against discrimination;

C) Order Defendants to make Plaintiff whole by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory and punitive damages.

D) Award Plaintiff her costs and expenses herein, including a reasonable attorney fees; and,

F) Award such other and further relief which this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

*/s/ Priscilla Black Duncan*
Priscilla Black Duncan, (ASB 4706-D65P)
Attorney for the Plaintiff

P.B. Duncan & Associates, LLC
472 S. Lawrence, Suite 204
Montgomery AL 36104
(334) 264-9679
(334) 264-9643 FAX
helzphar@mindspring.com

Alicia K. Haynes (ASB 8327-E23A)
HAYNES & HAYNES, P.C.

1600 Woodmere Drive
Birmingham, Alabama  35226
(205) 879-0377
(205) 879-3572 FAX
akhaynes@haynes-haynes.com


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

**DEFENDANTS ADDRESS:**
Neptune Technology Group, Inc.
C/c CSC Lawyers Incorporating Service, Inc.
150 S. Perry St.
Montgomery AL 36104

Roper Industries, Inc.
2160 Sattelite Blvd., Suite 200
Duluth GA 30097




Ex. A

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). Incomplete responses may delay further processing of your questionnaire by EEOC. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a."

*(PLEASE PRINT)*

1. **Personal Information**
Last Name: Walton, First Name: Rebecca MI: F.
Street or Mailing Address: 4043 Georgia Rd. Apt Or Unit #: ___
City: Wetumpka County: Elmore State: AL Zip: 36092
Phone Numbers: Home: (334) 567-2696 Work: ( )
Cell: ( ) Email Address: RFWALTON4@WMCONNECT.COM
Date of Birth: 09-07-1954 Sex: Male ___ Female ✓ Race: white
National Origin / Ethnicity: German/Irish Do You Have a Disability? Yes ✓ No ☐

Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: Mary Phelps Relationship: Sister
Address: 2022 Midway St. City: Montgomery State: AL Zipcode: 36110
Zip: ___ Home Phone: 334-834-8304 Other Phone: ( )

I believe that I was discriminated against by the following organization(s): (Check those that apply)

Employer ✓    Union ___    Employment Agency ___    Other (Please Specify) ___

2. **Organization Contact Information**
Organization #1 Name: Neptune Technology Inc.
Address: 1600 Alabama Hwy 229
City: Tallassee State: AL Zip: 36078 Phone: (334) 283-6555
Type of Business: Manufacturing Job Location if different from Org. Address: ___
Human Resources Director or Owner Name: Stephanie Fulmar Phone: (334) 283-6555
Number of Employees in the Organization at All Locations: Please Check (✓) One
Less Than 15 ☐    15 – 100 ☐    101 – 200 ☐    201 – 500 ☐    More 500 ✓

Organization #2 Name: Roper Industries, Inc.
Address: 5160 Sattelite Blvd, Suite 200
City: Duluth State: GA Zip: 30097 Phone: (770) 495-5100
Fax 495-5150

Type of Business: ___mfg___    Job Location if not at Org. Address: _____
Human Resources Director or Owner Name: _____    Phone: _____
Number Of Employees In The Organization At All Locations: please check (✓) one

Less Than 15 ☐    15 – 100 ☐    101 – 200 ☐    201 – 500 ☐    More 500 ✓

3. Your Employment Data (Complete as many items as you can)

Date Hired: __Sept. 2003__    Job Title At Hire: __Cell Operator__
Pay Rate When Hired: __$10.50 hour__    Last or Current Pay Rate: __$16.06 hour__
Job Title at Time of Alleged Discrimination: __Cell Operator__
Name and Title of Immediate Supervisor: __2nd shift supervisor Robert Conklin__
IF Applicant, Date You Applied for Job _____ Job Title Applied For _____

4. What is the reason (basis) for your claim of employment discrimination?

FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees or you have other evidence of discrimination, you should check (✓) AGE. If you feel that you were treated worse than those not of your race or you have other evidence of discrimination, you should check (✓) RACE. If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three. If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (✓) RETALIATION.

Race ☐   Sex ✓   Age ✓   Disability ✓   National Origin ☐   Color ☐   Religion ☐   Retaliation ✓   Pregnancy ☐

Other reason (basis) for discrimination (Explain). __Sexual harassment by Supervisor__

5. What happened to you that you believe was discriminatory? **Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you.** (Example: 10/02/06 – Written Warning from Supervisor, Mr. John Soto)

A) Date: __Nov. 30, 2006__    Action: __Fired, called insubordinating, 3 people involved only me fired__
Name and Title of Person(s) Responsible: __HR - Stephanie Fulmar, Supervisor Robert Conklin__
B) Date: __11/30/06__    Action: __Termination (see attached)__
_____
Name and Title of Person(s) Responsible __Robert Conklin, Damon Lambert__
Describe any other actions you believe were discriminatory.
__Was in the restroom at end of my shift for about 6 or 7 minutes. Two co-workers there also. I was fired, they were not.__

(Attach additional pages if needed to complete your response.)

6. What reason(s) were given to you for the acts you consider discriminatory? By whom? Title?

① Supervisor Conklin - said I should not have been in the bathroom and that the 3rd. shift supervisor was responsible for the actions not him. Said our work was not completed beforehand. Was given no reason for co-workers being treated differently, although they were both working their 90 day probationary period.

7. Name and describe others who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.

| Full Name | Job Title | Description |
|---|---|---|
| F 1. Alisha (last name unknown) | Cell Operator Dept. 75 | no disability, age 25 same job as me, same offense, still employed |
| F 2. Victoria (last name unknown) | Cell Operator Dept. 58 | No disability, age 35 same dept. as me, same offense still employed |
| 3. | | |

Answer questions 8-10 only if you are claiming discrimination based on disability. If not, skip to question 11.

8. Please check all that apply:
   ☑ Yes, I have an actual disability
   ☐ I have had an actual disability in the past
   ☐ No disability but the organization treats me as if I am disabled

9. If you are alleging discrimination because of your disability, what is the name of your disability? How does your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from doing, if anything? (Example: lifting, sleeping normally, breathing normally, pulling, walking, climbing, caring for yourself, working, etc.).

① Eyes - Optic Neuritis/Optic Atrophy with visual field defects and very poor depth perception. Limits include no climbing or other actions requiring good depth perception. Sudden step down and turning need caution. ② Rheumatoid arthritis affecting standing for long periods of time, knee and hand movements can be painful affecting lifting pulling walking and climbing ③ Fiber Myalgia, pain in muscles ④ see additional notes.

10. Did you ask your employer for any assistance or change in working condition because of your disability? YES ☑ NO ☐

Did you need this assistance or change in working condition in order to do your job? YES ☑ NO ☐

If "YES", when? May 2006, about July or Aug. 2006 To whom did you make the request? Provide full name of person Ricky Morgan/Robert Conklin How did you ask (verbally or in writing)? Verbally

Describe the assistance or change in working condition requested?

Asked then supervisor Martin to let me sit as not to get overheated or over fatigued. Was allowed. Asked supervisor Conklin to continue to allow same as above. When moved in September of 2006 asked for a cool area and to rotate job so I could get a chance to sit occasionally as well as put less strain on weak joints. He denied accommodation.

11. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and indicate what they will say. Add additional pages if necessary. *No one would risk their job to tell the truth.*

|   | NAME | JOB TITLE | ADDRESS & PHONE NUMBER |
|---|------|-----------|------------------------|
| A. |      |           |                        |
| B. |      |           |                        |
| C. |      |           |                        |

12. Have you filed a charge previously in this matter with EEOC or another agency? YES ☐ NO ☑

13. If you have filed a complaint with another agency, provide name of agency and date of filing:

14. Have you sought help about this situation from a union, an attorney, or any other source?
    YES ☑ NO ☐ - If yes, from whom and when? Provide name of organization, name of person you spoke with and date of contact. Results, if any?

    *Atty Priscilla Black Duncan*
    *P.B. Duncan + Associates LLC*
    *472 S. Lawrence, #Ste 204, Montgomery AL 36104*

    *Rebecca Faye Walton* — Signature            *3/05/07* — Today's Date

If you have not heard from an EEOC office within 30 days of mailing this form, please call toll-free number shown on the letter accompanying this form. Provide the tracking number on the attached cover letter. Please make a copy of this form for your records before mailing.

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (10/2006).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).
4. ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to respondents in connection with litigation.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

EEOC Form 161 (3/98)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rebecca F. Walton<br>4045 Georgia Road<br>Wetumpka, AL 36092 | From: | EEOC<br>1130 - 22nd Street, South<br>Suite 2000<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2007 02114 | Jeanne Walker | (205) 212-2055 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____   10-03-07
Delner Franklin-Thomas, District Director    (Date Mailed)

Enclosure(s)

cc:     **Attorney Priscilla Black Duncan**

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602002708
Cashier ID: khaynes
Transaction Date: 01/02/2008
Payer Name: PRISCILLA DUNCAN AND ASSOC
-------------------------------------
CIVIL FILING FEE
 For: PRISCILLA DUNCAN AND ASSOC
 Case/Party: D-ALM-2-08-CV-000005-001
 Amount:         $350.00
-------------------------------------
CHECK
 Check/Money Order Num: 1383
 Amt Tendered: $350.00
-------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

WALTON V. NEPTUNE TECH GROUP ET AL
```