**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **REBECCA W. WALTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE No.  2:08-cv-0005-MFF** |
| ) | |
| **NEPTUNE TECHNOLOGY GROUP,** ) | |
| **INC., ROPER INDUSTRIES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**ANSWER TO COMPLAINT**

Defendants **Neptune Technology Group, Inc.** and **Roper Industries, Inc.** (hereinafter "these Defendants" or "Defendants") respond as follows to Plaintiff's Complaint:

1.     Defendants admit that Plaintiff's Complaint seeks relief for alleged violations by the Defendant of the statutes and laws specified in Paragraph 1 of the Complaint.  However, Defendants deny that they have violated any such statutes or laws and that Plaintiff is entitled to any relief, and they demand strict proof thereof.

2.     Defendants admit the allegations of Paragraph 2 of Plaintiff's Complaint.

3.     Defendants admit that Plaintiff is a female over the age of forty.  Defendants are without sufficient information to admit or deny that she is currently a citizen of Elmore County, Alabama.  As set forth below, Defendants deny that the actions described in the Complaint took place and demand strict proof thereof.

4.     Defendants admit the allegations of Paragraph 4 of Plaintiff's Complaint. However, to the extent that Plaintiff implies in this paragraph or elsewhere in the Complaint that

she has ever been employed by Roper Industries, Inc., Defendants deny that allegation and demand strict proof thereof.  Roper Industries Inc. has never employed Plaintiff in any capacity.

5.      Defendants admit that Neptune Technology Group is located in the county encompassed by the Northern Division of the Middle District of the United States District Court for Alabama.  To the extent the allegations in Paragraph 5 of Plaintiff's Complaint assert otherwise, Defendants deny those material allegations and demand strict proof thereof.

6.      Defendants admit that the Plaintiff's Complaint seeks relief for Defendants' alleged employment actions and that Plaintiff seeks the specific relief set forth in Paragraph 6. However, Defendants deny that Plaintiff is entitled to any relief for any of Defendants' employment actions, deny that Defendants maintain a policy and practice of discriminating against the Plaintiff or other persons similarly situated on account of gender or age, and demand strict proof thereof.

7.      Defendants admit that the Plaintiff seeks the damages set forth in Paragraph 7 of Plaintiff's Complaint; however, Defendants deny that Plaintiff is entitled to such relief.

8.      Defendants deny the material allegations in Paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

9.      Defendants deny the material allegations of Paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10.     Defendants deny the material allegations of Paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11.     Defendants admit the allegations of Paragraph 11 of Plaintiff's Complaint.

12.    Defendants admit that Plaintiff was employed as a cell operator at Neptune Technology Group, Inc. from September 2003 until November 30, 2006; however, Defendants deny that Plaintiff was employed by Roper Industries, Inc.

13.    Defendants deny the material allegations of Paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

14.    Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15.    As phrased, Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16.    Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

17.    As phrased, Defendants deny the material allegations contained in Paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

18.    Defendants deny the material allegations contained in Paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

19.    Defendants deny the material allegations contained in Paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

20.    Defendants deny the material allegations contained in Paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21.    Defendants admit that the Complaint purports to bring an action arising under Title VII of the Civil Rights Act of 1964, as amended, but Defendants deny that Plaintiff is entitled to any relief under Title VII of the Civil Rights Act of 1964.

22.    As phrased, Defendants deny the material allegations in Paragraph 22 of the Complaint and demand strict proof thereof.

23.    Defendants deny the material allegations contained in Paragraph 23 of Plaintiff's Complaint and demand strict proof thereof.

24.    Defendants deny the material allegations contained in Paragraph 24 of Plaintiff's Complaint and demand strict proof thereof.

25.    Defendants deny the material allegations contained in Paragraph 25 of Plaintiff's Complaint and demand strict proof thereof.

26.    Defendants deny the material allegations contained in Paragraph 26 of Plaintiff's Complaint and demand strict proof thereof.

27.    Defendants deny the material allegations contained in Paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

28.    Defendants admit that the Plaintiff seeks the relief and damages listed in Paragraph 28 of Plaintiff's Complaint, but Defendants deny that she is entitled to any such relief and demand strict proof thereof.

29.    Defendants adopt and reallege their responses to Paragraphs 1-28 above as if fully set forth herein.  Further, Defendants admit that the Complaint purports to be a claim to redress Defendants' alleged unlawful employment practices, but Defendants deny that they have engaged in any unlawful employment practices, including age discrimination protected by the Age Discrimination in Employment Act, as amended.

30.    As phrased, Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint and demand strict proof thereof.

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and demand strict proof thereof.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint and demand strict proof thereof.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint and demand strict proof thereof.

34.     Defendants admit that the Plaintiff seeks the relief and damages listed in Paragraph 34 of Plaintiff's Complaint, but Defendants deny that she is entitled to any such relief and demand strict proof thereof.

35.     Defendants reallege their responses to Paragraphs 1-34 above as if fully set out herein.

36.     Defendants admit that the Plaintiff's Complaint purports to be a claim to redress Defendants' alleged unlawful employment practices; however, Defendant deny that she is entitled to any such relief, deny that they have engaged in any unlawful employment practice or ratified any such conduct, including discrimination in violation of the Americans with Disabilities Act, and demand strict proof thereof.

37.     Defendants deny the material allegations contained in Paragraph 37 of Plaintiff's Complaint and demand strict proof thereof.

38.     Defendants deny the material allegations contained in Paragraph 38 of Plaintiff's Complaint and demand strict proof thereof.

39.     Defendants admit that the Plaintiff seeks the relief and damages listed in Paragraph 39 of Plaintiff's Complaint, but Defendants deny that she is entitled to any such relief and demand strict proof thereof.

40.     Defendants adopt and reallege their responses to Paragraphs 1-40 above as if fully set out herein.  Defendants admit that this paragraph asserts that Count IV is a claim against Neptune Technology, but Defendants deny that such a claim has merit and denies all material allegations on which the claim is based.

41.     Defendants admit that an employer-employee relationship existed between Plaintiff and Neptune Technology Group but deny that there has ever been an employer-employee relationship between Plaintiff and Roper Industries, Inc.

42.     Defendants deny the material allegations contained in Paragraph 42 of Plaintiff's Complaint and demand strict proof thereof.

43.     Defendants deny the material allegations contained in Paragraph 43 of Plaintiff's Complaint and demand strict proof thereof.

44.     Defendants deny the material allegations contained in Paragraph 44 of Plaintiff's Complaint and demand strict proof thereof.

45.     Defendants admit that the Plaintiff seeks the relief and damages listed in Paragraph 45 of Plaintiff's Complaint, but Defendants deny that she is entitled to any such relief and demand strict proof thereof.

The unnumbered, "wherefore" paragraph in Plaintiff's Complaint does not require a response by Defendants. However, to the extent one is deemed required, Defendants deny the material allegations in that paragraph and demand strict proof thereof.

### FIRST DEFENSE

Plaintiff's claims, or some of them, are barred by the applicable statutes of limitation.

## SECOND DEFENSE

Plaintiff's claim for damages is limited to the extend she has failed or refused to mitigate her damages.

## THIRD DEFENSE

Plaintiff's claims must fail because she can not show that Defendants acted with actual malice.

## FOURTH DEFENSE

These Defendants deny that it deprived Plaintiff of any legal right, and asserts that Plaintiff is not entitled to any relief as requested by the Complaint or otherwise.

## FIFTH DEFENSE

These Defendants affirmatively allege that it did not intentionally or knowingly deprive Plaintiff of any established Constitutional or statutory rights.

## SIXTH DEFENSE

All decisions Plaintiff challenges in this lawsuit were legitimate business judgments, made on the basis of information available to the decision makers and made for legitimate, non-discriminatory reasons.  Additionally, all challenged decisions were made in good faith and in conformity with applicable policies.

## SEVENTH DEFENSE

To the extend Plaintiff is making claims concerning acts or omissions that occurred more than 180 days before the filing of her EEOC charge, or that are not like or related to the allegations in that charge, such claims are barred.

## EIGHTH DEFENSE

Punitive damages are inappropriate because these Defendants have exercised good faith efforts to prevent discrimination.  These Defendants have not acted with malice or in reckless disregard of Plaintiff's federally-protected rights.

## NINTH DEFENSE

These Defendants deny discriminating against Plaintiff in any manner whatsoever; however, to the extent the fact finder determines that Defendants' actions were motivated by disability discrimination, these Defendants state that they would have made the same decisions absent any discriminatory motive.

## TENTH DEFENSE

To the extent Plaintiff is not disabled, as that term is defined under the ADA, she cannot maintain a cause of action under that Act.

## ELEVENTH DEFNSE

To the extent Plaintiff is not a qualified individual with a disability with the meaning of the ADA, she cannot maintain a lawsuit under that Act.

## TWELFTH DEFENSE

Even if Plaintiff is a qualified individual with a disability within the meaning of the ADA, these Defendants deny that they have discriminated against her in violation of the ADA.

## THIRTEENTH DEFENSE

The accommodations, if any, sought by the Plaintiff are not reasonable as a matter of law. Alternatively, the accommodations sought by the Plaintiff, if any, would constitute an undue hardship.

### FOURTEENTH DEFENSE

These Defendants adopt all defenses that have been made available to it by the United States Supreme Court's decision in *Kolstad v. American Dental Association.*

### FIFTEENTH DEFENSE

These Defendants deny that Plaintiff is entitled to damages of the nature, type, and amount sought in Plaintiff's Complaint.

### SIXTEENTH DEFENSE

Plaintiff's claims for equitable relief may not be tried before or decided by a jury.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to an award of punitive damages as she has not pled and can not prove facts sufficient to support an award under applicable law.

### EIGHTEENTH DEFENSE

The imposition of punitive damages against Defendants for the conduct alleged in the Complaint is prohibited or limited by statutory and/or decisional law.

### NINTEENTH DEFENSE

Plaintiff's Complaint seeks to make Defendants liable for punitive damages. The Supreme Court of the United States has issued an opinion on the issue of punitive damages in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996). These Defendants adopt by reference all defenses and criteria as set forth in that opinion.

### TWENTIETH DEFENSE

To the extent, if any, Plaintiff makes a claim for punitive damages, that claim is barred on the following grounds:

(a)  Plaintiff is not entitled to punitive damages from these Defendants pursuant to the facts as alleged in Plaintiff's Complaint.

(b)  These Defendants aver that the invitation for a court or jury to impose liability on Defendants for punitive damages without guidelines or standards for determination of the amount or proper circumstances for such an awards would deny Defendants due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

(c)  The claim of Plaintiff for punitive damages against Defendants is barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

(d)  Imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

(i)      The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

(ii)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(iii)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants.

(iv)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(v)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(vi)    The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

(vii)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

(viii)    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

(ix)    The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(x)    An award of punitive damages would constitute an arbitrary and capricious taking of property of Defendants without due process of law.

## TWENTY-FIRST DEFENSE

Imposition of punitive damages in this case against Defendants would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## TWENTH-SECOND DEFENSE

To the extent Plaintiff seeks to recover from these Defendants for any act or omission of its employees, Defendants are not liable because the alleged conduct was not (1) committed in

the line and scope of that employee's employment, (2) committed in furtherance of Defendants' business, or (3) authorized or ratified by these Defendants.

### TWENTY-THIRD DEFENSE

These Defendants are not liable for the deliberate, intentional acts of its employees. Therefore, even if an employee of these Defendants was guilty of intentional misconduct, Defendants are not liable for that misconduct.

### TWENTH-FOURTH DEFENSE

Plaintiff's claims are barred by one or more of the doctrines of laches, waiver, unclean hands, and equitable or judicial estoppel.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred or limited by the doctrine of after-acquired evidence.

### TWENTY-SIXTH DEFENSE

To the extent that this suit was not filed within 90 days of the Plaintiff's receipt of her Right to Sue letter, her ADA claim is barred for failure to satisfy this statutory prerequisite to suit.

### TWENTY-SEVENTH DEFENSE

The damages claimed by plaintiff are subject, in whole or in part, to statutory caps.

### TWENTY-EIGHTH DEFENSE

These Defendants reserve the right to add such further or supplemental defenses as may be appropriate based upon information developed through discovery.

Respectfully submitted,

 /s/ Angela R. Rogers
John Hargrove
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2119
Telephone:  205-521-8000
Facsimile:  205-521-8800

-and-

Angela R. Rogers
Bradley Arant Rose & White LLP
401 Adams Avenue, Suite 780
Montgomery, AL  36104
Telephone: 334-956-7700
Facsimile:  334-956-7701

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Priscilla Black Duncan
P.B. Duncan & Associates LLC
472 South Lawrence Street, Suite 204
Montgomery, AL  36104

Alicia K. Haynes
Haynes & Haynes P.C.
1600 Woodmere Drive
Birmingham, AL  35226

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  None

s/ Angela R. Rogers
Angela R. Rogers
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: arogers@bradleyarant.com