# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REBECCA F. WALTON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | 2:08-CV-00005-MEF-SRW |
| ) | |
| NEPTUNE TECHNOLOGY GROUP, ) | |
| INC., ROPER INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed.R.Civ.P. 26(f), a planning meeting was held on February 29, 2008, with participation as follows:

   Alicia K. Haynes and Priscilla Duncan for plaintiff.

   John W. Hargrove and Angela R. Rogers for defendants.

2. **Pre-Discovery Disclosures.** The parties will exchange the information required by Local Rule 26.1(a)(1) by March 28, 2008.

3. **Discovery Plan.** The parties jointly propose to the Court the following plan:

   a. Discovery will be needed on the following subjects:

   (1) the factual and legal issues and claims made by Plaintiff in this action;

    (2) any and all damages claimed by Plaintiff; and

    (3) factual and legal issues related to Defendant's defenses.

  b. Disclosure or discovery of electronically stored information should be handled as follows:

    (1) The parties agree that they will submit relevant, discoverable electronically stored information (ESI), if any, in a form useful by the other party. If data is stored in specialized software or programs, the party retaining such information agrees to convert the information into PDF format. If conversion of information into PDF is not reasonably possible, the party retaining such information agrees to reproduce the information into paper form.

    (2) Upon receipt of discovery requests, the responding party shall notify the requesting party within fifteen days as to any issues relating to the disclosure or discovery of ESI, if applicable, and the parties shall work in good faith to resolve the issues.

    (3) Each party shall provide timely notice of any requested ESI that has been destroyed or deleted, inadvertently or otherwise.

    (4) The parties will take necessary steps to ensure that ESI, including but not limited to documents and emails, are not permanently deleted in the ordinary course of business.

(5) Search Methodology: If a producing party employs an electronic search to locate any responsive ESI, upon request by the requesting party, the parties shall discuss and reach an agreement as to the method of searching and the words, terms, and phrases to be searched. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g., timeframes, fields, document types, etc.)

(6) Privilege: Electronically stored information that contains privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within thirty (30) days of such.

(7) Costs: The costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.

c. The Parties have agreed to an order regarding claims of privilege or protection of trial preparation material asserted after production, as follows: A party who produces any privileged document or ESI without intending to waive the privilege associated with such document or ESI may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document or ESI was inadvertently produced and should have been withheld as

3

privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document or ESI and any copies thereof and may not use information contained therein until the assertion of privilege has been resolved. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege.

    d.    All discovery commenced in time to be completed by **December 12, 2008.**

    e.    Interrogatories: Maximum of **25** interrogatories by each party to any other party. Responses to all Interrogatories are due 30 days after service.

    f.    Requests for Admission: Maximum of **30** Requests for Admission by each party to any other party. Responses to all Requests for Admission are due 30 days after service.

    g.    Maximum of **30** Requests for Production by each party to any other party. Responses to all Requests for Production are due 30 days after service.

    h.    Depositions: The parties propose **10** depositions by each party. Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

    i.    Reports from retained experts under Rule 26(a)(2):

From Plaintiff by **September 19, 2008**

        From Defendants by **October 17, 2008**

    j.    Supplemental of discovery under Rule 26(e) is due as soon as practicable after additional information is discovered, and final supplementation is due no later than 30 days before the close of discovery.

   4.    **Other Items.**

    a.    **Scheduling Order Conference**:  The parties do not request a conference with the court before entry of a scheduling order.

    b.    **Pretrial Conference.**  The parties request a pretrial conference in or after **November 2008**.

    c.    **Additional Parties**:

     (1)    The plaintiff should be allowed until **June 23, 2008**, to join additional parties and to amend the pleadings.

     (2)    The defendant should be allowed until **July 10, 2008**, to join additional parties and to add defenses and amend the pleadings.

    d.    All potentially dispositive motions should be filed by **January 5, 2009**.

    e.    Neither settlement nor the possibility for Alternative Dispute Resolution can be realistically evaluated prior to at least some discovery.

    f.    Final lists of trial evidence under Rule 26(a)(3) should be submitted in accordance with the pretrial order issued by the Court.

      g.      The case should be ready for trial by **March 2009** and, at this time, is expected to take approximately 3 days.

The attorneys for all parties prepared this Report of the Parties' Planning Meeting. Counsel for Plaintiff and counsel for the Co-Employee Defendants have approved this report and given permission to the undersigned to file it electronically with the Court on behalf of all the parties.

Dated this the 29th day of February, 2008.

/s/ Alicia K. Haynes
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail: akhaynes@haynes-haynes.com

/s/ John W. Hargrove
John W. Hargrove
Angela R. Rogers
Attorneys for Defendants

**OF COUNSEL:**

**BRADLEY ARANT ROSE & WHITE, LLP**
401 Adams Avenue, Suite 780
Montgomery, AL  36104
Phone: (334) 956-7700
Fax: (205) 956-7701
E-mail: jhargrove@bradleyarant.com
E-mail: arogers@bradleyarant.com