IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REBECCA F. WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:08-cv-0005-MEF |
| | ) | |
| NEPTUNE TECHNOLOGY GROUP, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on the Motion to Recuse or Disqualify (Doc. # 20) filed by counsel for Plaintiff Rebecca F. Walton ("Walton") on March 11, 2009. For the reasons set forth below, the motion is due to be DENIED.

**PROCEDURAL BACKGROUND**

On January 2, 2008, Walton filed this lawsuit against her former employer and its parent company alleging various types of unlawful employment practices and acts of intentional discrimination. Initially, Priscilla Black Duncan ("Duncan") and Alicia K. Haynes ("Haynes") represented Walton, but in November of 2008, Haynes sought and was granted leave to withdraw her appearance as counsel for Walton. On March 10, 2009, Defendants filed a motion for summary judgment.

On March 11, 2009, Duncan delivered to the undersigned a letter informally requesting that the undersigned recuse himself from this case. A copy of that letter was not

provided to opposing counsel. The undersigned directed the Clerk of the Court to docket the letter as a Motion to Recuse or Disqualify (Doc. # 20). This letter set forth various allegations of a fact on which Duncan bases her contention that the undersigned should recuse. It was not supported by any affidavit or any other evidentiary submissions, and it did not contain any legal argument or citation to legal authorities. Accordingly, the Court entered an Order (Doc. # 20) on March 11, 2009, requiring Duncan to file a brief in support of her request for recusal by no later than March 18, 2009. On March 19, 2009, the day after the deadline for submission of her brief, Duncan sought leave to file her brief in support out of time. The Court granted this request. Duncan filed not only a brief in support of her motion, but several exhibits, including an affidavit. On March 31, 2009, Defendants' counsel timely filed a brief in opposition to the Motion to Recuse or Disqualify.

## ASSERTED FACTUAL PREDICATE

On May 17, 2005, a grand jury returned an indictment against Don Eugene Siegelman ("Siegelman") and Richard Scrushy ("Scrushy"). The case garnered significant publicity. Siegelman is a politician who has been elected to several prominent positions in Alabama, including Governor. Scrushy is a wealthy and prominent Alabama businessman. This case was randomly assigned to the undersigned. After a lengthy trial in 2006, a jury returned convictions against Siegelman and Scrushy on a number of the criminal charges against them.[1] Siegelman and Scrushy unsuccessfully sought relief from this verdict through a

---

[1] The jury returned its verdict late in June of 2006.

variety of post-trial motions. On the eve of sentencing[2] nearly one year after the jury convicted him, Scrushy filed a motion asking the undersigned to recuse himself from handling that case and to grant a new trial. Scrushy argued that the fact that the undersigned had investment interests in a private corporation engaged in fulfilling contract work for the United States Government disqualified the undersigned from handling any cases in which the United States was a party. The Court denied the motion to recuse. Ultimately, the Eleventh Circuit Court of Appeals affirmed this and other rulings and affirmed all of Scrushy's convictions and all but one of Siegelman's convictions. Siegelman and Scrushy have asked for rehearing *en banc*.

In July of 2007, a friend asked Duncan to give legal advice and assistance to an attorney named Dana Jill Simpson ("Simpson"). Simpson has provided sworn statements to the effect that the prosecution of Siegelman, a Democrat, was politically motivated. Simpson has testified that Rob Riley, the son of Alabama's current, Republican Governor Bob Riley, told her that the undersigned would hang Siegelman if Siegelman's case was assigned to him because of alleged bad feelings by the undersigned for Siegelman from events predating the undersigned's appointment to the bench. Curious about the undersigned, Simpson did some research. Eventually, Simpson provided some of the information she located to counsel for Scrushy and he used some of it in his motion seeking to have the undersigned recuse himself

---

[2] Scrushy filed the motion to recuse and motion for vacatur or new trial on April 18, 2007. Siegelman did not join in this motion. On June 28, 2007, the Court imposed sentence on Siegelman and Scrushy after a three day sentencing hearing.

3

from handling the sentencing phase of the criminal matter. Simpson also testified before a Congressional committee looking into the Siegelman prosecution. The Justice Department's Office of Prosecution Services has contacted Duncan regarding Simpson's information.

Duncan believes, based on hearsay information from an undisclosed source, that the undersigned has had conversations with a Montgomery attorney unconnected with either this case or the Siegelman/Scrushy case regarding Simpson and the Siegelman/Scrushy case. Duncan asserts that she expects someone, she does not disclose which defendant, will soon seek another appeal of the Siegelman/Scrushy case on the basis of a contention that the undersigned had animosity toward Siegelman which allegedly arose from events prior to the indictment of Siegelman. Duncan and Walton believe that because Simpson has investigated the undersigned in connection with the Siegelman/Scrushy case and because Duncan has represented Simpson in connection with that activity, the undersigned would find it impossible to be fair.

Duncan admits that she waited until the case had been pending before the undersigned for more than a year to file her request. She argues that her client's decision to reject a settlement offer and proceed to trial caused her to finally make her request.

### DISCUSSION

Pursuant to 28 U.S.C. §§ 144 and 455(a), Walton contends that the foregoing "facts" disqualify the undersigned from serving as a judge in this matter and that the undersigned

4

should recuse himself from this case.[3] Defendants disagree. They contend that the motion must be denied because it is untimely and because it is not properly supported under the applicable law.

The two federal statutes Walton invokes govern recusal. Section 144 provides that

> [w]henever *a party* to any proceeding in a district court makes and files a *timely and sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it has been made in good faith.

28 U.S.C. § 144 (emphasis supplied). Section 455(a) adds the following: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[4] Section 455(a) provides that a judge should disqualify himself when there is an appearance of impropriety. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003), *cert. denied,* 540 U.S. 1149 (2004). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding

---

[3] Walton actually misidentifies the legal basis for her motion. She invokes 28 U.S.C. § 41, a statute which has to do with the number and composition of circuits in this country. The language she quotes, however, is actually found at 28 U.S.C. § 144, which addresses bias or prejudice of a judge. Despite this typographical error, the Court addresses Walton's motion as being predicated on the two statutes she appears to have intended to cite.

[4] 28 U.S.C. § 455(b) sets forth five other specific circumstances in which a judge should recuse, but Walton only invokes § 455(a) in her brief in support of her motion.

5

even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). Thus, the standard of review for a § 455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality," *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988),[5] *cert. denied,* 490 U.S. 1066 (1989), and any doubts must be resolved in favor of recusal, *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they exist[], and not as they [are] surmised or reported." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 541 U.S. 913, 914 (2004) (*quoting Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)). Moreover, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.), *reh'g denied by*, 788 F.2d 1570 (11th Cir. 1986).

The first task for this Court is to determine whether Walton's motion and supporting affidavit were timely filed. Because of the possibility of substantial abuse, courts demand strict compliance with the procedural requirements of § 144, including the requirement that a motion to disqualify be timely. *In re Martinez-Catala*, 129 F.3d 213, 218 (1st Cir. 1997).

---

[5] *Accord, Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306, 1329 (11th Cir. 2002) (The standard is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.")

*See also, United States v. Womack*, 454 F.2d 1337 (5th Cir. 1972),[6] *cert. denied*, 414 U.S. 1025 (1973); *Andrews, Mosburg, Davis, Elam, Legg & Bixler, Inc. v. General Ins. Co. of Am.*, 418 F. Supp. 304 (W.D. Okla. 1976); *United States v. Hall*, 424 F. Supp. 508, 534 (W.D. Okla. 1975), *aff'd* 536 F.2d 313 (10th Cir.), *cert. denied*, 429 U.S. 919 (1976). Of course, the requirement of § 144 that a motion and affidavit "be filed not less than ten days before the beginning of the term at which the proceeding is to be heard" is no longer applicable due to the abolition of set terms of court.  However, the provision has been interpreted to mean that disqualification must be sought promptly upon first learning of the alleged facts giving rise to the claim of judicial bias. *See Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992), *cert. denied,* 507 U.S. 940 (1993).

The same policy considerations have led courts to require that motions brought under § 455 also be filed in a timely manner, notwithstanding the lack of a specific statutory provision. "All the circuits that have considered the question ... agree that a party may not hold back 'a recusal application as a fall-back position in the event of adverse rulings on pending matters.'" Recusal, Analysis of Case Law Under 28 U.S.C. §§ 455 & 144, Federal Judicial Center (2002) (quoting *In re IBM Corp.*, 45 F.3d 641, 643 (2nd Cir. 1995)) (other citations omitted).  As with motions brought under § 144, motions to disqualify pursuant to § 455 must be brought "at the earliest moment after obtaining knowledge of facts

---

[6] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

demonstrating the basis for such a claim." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994); *see also U.S. v. Slay*, 714 F.2d 1093, 1094 (11th Cir.1983), *cert. denied,* 464 U.S. 1050 (1984). Indeed, the Eleventh Circuit Court of Appeals has recently addressed the requirement that such motions be timely made. *See, United States v. Siegelman*, ___ F.3d___, 2009 WL 564659 (11th Cir. Mar. 6, 2009) (holding that a motion for recusal was properly denied because it was not timely made). It explained that

> A motion for recusal based upon the appearance of partiality must be timely made when the facts upon which it relies are known. The untimeliness of such a motion is itself a basis upon which to deny it. *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986). The rule has been applied when the facts upon which the motion relies are public knowledge, even if the movant does not know them. *National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 957-59 (2nd Cir. 1978). The purpose of the rule is to "conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify the judge." *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997).

*Siegelman,* 2009 WL 564659 at *26.

In this case, it is clear that prior to filing this lawsuit, Walton's attorney was aware of most, if not all, of the "facts" on which the informal *ex parte* request to recuse or disqualify was based. Nevertheless, Walton's counsel failed to raise this issue until the case had been pending for more than a year. She waited until after the undersigned had entered two different scheduling orders setting trial dates and had ruled upon a request for extension of the trial setting based upon delays in discovery. She waited until after she had an opportunity to review the nature of the motion for summary judgment filed by Defendants and until her client decided to reject a settlement offer. Such a strategic decision to delay is inexcusable.

8

Based on the binding precedent from the Eleventh Circuit Court of Appeals, the Court finds that the motion is due to be DENIED as untimely made.

Even assuming *arguendo* that Walton had timely brought this motion, it is still due to be denied because it lacks substantive merit. Duncan claims bias towards her and not toward Walton or any other party to this action. The claimed bias arises for Duncan's representation of people wholly uninvolved with this action. Moreover, the undersigned has no financial or other personal interest in the actions of any of Duncan's clients. Counsel for Defendants have cogently summarized the applicable law on this issue. The key consideration is demonstrated biased against a party, rather than imagined bias against an attorney. *See, e.g., Diversified Numismatics, Inc. v. City of Orlando, Fla.,* 949 F.2d 382 (11th Cir. 1991); *Davis v. Board of Sch. Comm'rs of Mobile County*, 517 F.2d 1044 (5th Cir. 1975), *cert. denied,* 425 U.S. 944 (1976); *United States v. State of Alabama*, 582 F. Supp. 1197 (N.D. Ala. 1984). Furthermore, the Court is satisfied that no objective, fully informed lay observer would entertain significant doubt about the undersigned's impartiality based on the record presented. Thus the evidentiary submissions[7] and legal argument offered in support of the motion are legally deficient. Accordingly, the motion is due to be DENIED.

---

[7] Walton has not submitted an affidavit in support of her motion. Rather the motion is merely supported by an affidavit from Duncan.

## CONCLUSION

The undersigned can and will be fair to all parties in this case. Recusal is not warranted under the applicable law. For the foregoing reasons, it is hereby ORDERED that the Motion to Recuse or Disqualify (Doc. # 20) filed by counsel for Walton on March 11, 2009 is DENIED.

DONE this the 15th day of April, 2009.

/s/  Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE