IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA W. WALTON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:08-cv-005-MEF |
| | ) |
| NEPTUNE TECHNOLOGY GROUP, INC., | ) |
| et al., | ) (WO - DO NOT PUBLISH) |
| | ) |
| DEFENDANTS. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Strike Plaintiff's Summary Judgment Exhibits (Doc. # 31) filed on April 7, 2009, by Defendants Neptune Technology Group, Inc. and Roper Industries, Inc. The Court has carefully considered the arguments offered in support of and in opposition to this motion as well as the applicable legal authorities. For the reasons that follow, the Court finds that the motion is due to be DENIED.

### **BACKGROUND**

Plaintiff sued Defendants challenging the decision to terminate her employment and the treatment she received prior to the termination of her employment. Plaintiff asserts a variety of types of discrimination or violations of various laws. Defendants filed a motion for summary judgment on all claims. Plaintiff filed a brief in opposition to that motion along with a number of exhibits. Defendants filed the instant motion to strike challenging some of the evidentiary submissions on which Plaintiff relies for her opposition to their motion for summary judgment. Defendants specifically object to the following exhibits that Plaintiff

filed as part of her opposition to their motion for summary judgment on the grounds that the documents have not been properly authenticated: (1) the document setting forth the decision by the State of Alabama Department of Industrial Relations regarding Plaintiff's claim for unemployment compensation; (2) a summary of Plaintiff's medical records which contains statements made by or to the Plaintiff's doctors; (3) Plaintiff's affidavit and a handwritten time line of events which Defendants contend contain hearsay; and (4) a letter from Dr. Douglas Owens to Plaintiff. In addition to their objections relating to a lack of proper authentication, Defendants also challenge certain portions of Plaintiff's deposition which Defendants contend constitute inadmissible hearsay.

## DISCUSSION

Defendants' motion is styled as a motion to strike. Rule 12(f) of the Federal Rules of Civil Procedure provides grounds for motions to strike; however, that rule provides the proper bases for striking certain improper material in pleadings, not in affidavits. *See, e.g., Norman v. So. Guar. Ins. Co.,* 191 F. Supp. 2d 1321, 1328 (M.D. Ala. 2002). Consequently, it cannot be that Defendants' motion to strike is properly made pursuant to Rule 12(f).

Given that the deposition testimony Defendants have challenged is submitted in opposition to a motion for summary judgment, it must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall *affirmatively show*

2

>           *that the affiant is competent to testify to the matters stated therein*.

Fed. R. Civ. P. 56(e) (emphasis added).  It is clear that the Federal Rules of Civil Procedure also provide for the submission of deposition testimony in support of or in opposition to motions for summary judgment.  Such testimony is also required to be made on personal knowledge from a witness competent to testify on the matters stated and to set forth facts as would be admissible in evidence.  *See, e.g., Rowell v. Bellsouth Corp.,* 433 F.3d 794, 799-800 (11th Cir. 2005) (affirming a decision granting an employer's motion for summary judgment and explaining that deposition testimony from plaintiff could only be considered if it could "be reduced to an admissible form" at trial); *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999) (holding that the rules applicable to affidavits set forth in Rule 56(e) are also applicable to testimony given on deposition); *Randle v. LaSalle Telecomms.,* 876 F. 2d 563, 570 n.4 (7th Cir. 1989); *Home Oil Co. v. Sam's East, Inc.,* 252 F. Supp. 1302, 1308 (M.D. Ala. 2003).  The requirements of Rule 56 make it plain that affidavits or depositions which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper.  *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000).  *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000).  Testimony which fails to meet the standards set forth in Rule 56(e) may be subject to a motion to strike.  *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998).  However, the court

need not strike the entire affidavit or deposition, rather it *may strike or disregard* the improper portions and consider the remainder of the testimony. *Id.* at p. 1334 n.2.

It is true that a plaintiff may not rely upon deposition testimony that constitutes inadmissible hearsay, at least where that hearsay[1] will not be reducible to admissible form at trial. *See, e.g., Rowell,* 433 F.3d at 799-800. However, the Eleventh Circuit has repeatedly recognized that inadmissible evidence may be used to oppose summary judgment so long as there is no indication that the facts could not be reduced to admissible evidence at trial. *See, e.g., Macuba,* 193 F.3d at 1322-24 (Even though a document, deponent, or affiant references hearsay information, that information may be considered on summary judgment if it would be admissible at trial under an exception to the hearsay rule or as non-hearsay.); *McMillian v. Johnson*, 88 F.3d 1573, 1584-85 (11th Cir. 1996); *Church of Scientology Flag Serv. Org. v. City of Clearwater*, 2 F.3d 1514, 1530-31& n.11 (11th Cir. 1993); *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1015 (11th Cir. 1987);

Here Defendants challenge certain of the materials before the Court as hearsay, but they do not contend that the information is not reducible to admissible evidence. Indeed, Defendants do not even attempt to address whether the information currently in the form of hearsay is reducible to admissible evidence. There is nothing to indicate that Beverly

---

[1] Hearsay is defined in the Federal Rules of Evidence as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Of course, there are various exceptions to the rule prohibiting the admission of hearsay. *See* Fed. R. Evid. 803, 804 & 807.

Johnson and her sister could not be called to testify at trial regarding the alleged statements of Conklin to them (which statements themselves seem likely to either not be hearsay or to be within an exception to the hearsay rule). Because Defendants have not made that showing, the applicable law requires the Court to find that the evidence may be considered in opposition to summary judgment.

All of Defendants' other challenges in the motion to strike relate to Plaintiff's reliance on documents that have not been properly authenticated in her opposition to their motion for summary judgment. This Court has previously held that generally speaking documents must be properly authenticated for them to be considered at the summary judgment stage. *See Bozeman v. Orum*, 199 F. Supp. 2d 1217, 1222 (M.D. Ala. 2002) (Thompson, J.). An important exception to this rule exists because "unauthenticated documents may be considered when no objection is made or when it is apparent that those documents can be reduced to admissible, authenticated form at trial." *Id. Accord United States Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 1322 (S.D. Ala. 2003) (following the rule as articulated by *Bozeman*).[2] While Defendants have objected to the Plaintiff's reliance on unauthenticated documents, it is apparent to this Court that the challenged documents can be reduced to admissible, authenticated form at trial. For this

---

[2] The Court is aware that other courts have held that unauthenticated evidence may not be considered at the summary judgment stage and that some of those courts are within the Eleventh Circuit. This Court finds, however, that *Bozeman* is more consistent with the approach of the Eleventh Circuit in analogous situations, such as the use of hearsay to oppose summary judgment. For this reason, the Court will follow the rule as articulated in *Bozeman*.

reason, the Court finds that the Defendants' motion to strike those exhibits to be without merit.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion to Strike Plaintiff's Summary Judgment Exhibits (Doc. # 31) is DENIED.

DONE this the 19th day of October, 2009.

                                        /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE